# Connally *v.* Spragins.

*Statutory Detinue for Mule.*

1. *Description of property in mortgage.*—"One black mule, about eight years old," when the words are used, without more, in describing the animal conveyed by a mortgage, are not so general and indefinite as to render the mortgage void, nor to exclude it as evidence of notice when properly recorded.

2. *Erasure or alteration in writing.*—When a written instrument, offered in evidence by a party claiming under it, bears on its face the marks of an erasure or alteration of the date, he may adduce evidence explanatory of such erasure or alteration, showing that it was made in good faith before or at the time the writing was executed.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by James R. Spragins, against Hampton Connally, to recover a mule, which was described in the original summons as "a certain *black*, one-eyed, horse

mule, named Joe "; and was commenced before a justice of
the peace, on the 15th November, 1875. The constable's
return, as indorsed on the summons, was in these words :
"Executed by *leved* the within *attachment* on one *bay* horse
mule, marked U. S." In the Circuit Court, at the Spring
term, 1876, the plaintiff filed a complaint as follows : "The
plaintiff claims of the defendant *one dark colored mule*, medi-
um size, named Joe, with the value of the use or hire thereof
during the detention." The italicized words appear to have
been erased, having a black line drawn across them ; and
beneath the complaint these words are added : "By leave
of the court, and without objection, this complaint is amended,
by inserting ' *one black mule*, about eight years old in 1872.' "
The defendant pleaded " *non detinet*, in short by consent, with
leave to prove any special defense as if specially pleaded ";
and the cause was tried on issue joined on this plea.

On the trial, as appears from the bill of exceptions, the
plaintiff offered in evidence a mortgage, under which he
claimed the mule in controversy, and which was executed to
him by one John Strode, dated the 9th February, 1872,
attested by two witnesses, and duly admitted to record on
proof by one of said witnesses. Said mortgage purports to
be given to secure an indebtedness of $180, as evidenced by
promissory note due and payable on the 1st October, 1872 ;
and the property conveyed by it was thus described : "Two
grey mules, large size, and about seven years old, bought of
said Spragins ; one black mule, say eight years old ; one sor-
rel mule, say nine years old," &c.   "The defendant objected
to the reading of said mortgage, because the description of
the property alleged to be sued for in said mortgage, to-wit,
' one black mule, about eight years old,' was too general and
insufficient ; defendant's counsel stating, that plaintiff did not
claim that defendant had notice of said mortgage, except by
its being recorded ; and the *defendant* in open court admitted
this to be true. The defendant objected to the mortgage, also,
because it was upon a *black* mule, and the complaint was
for a *dark-colored* mule, and because the evidence was variant
from the pleadings. The court overruled the first objection,
and sustained the second and third, but allowed the *defendant*
to amend the complaint, by inserting the words ' one black
mule, about eight years old '; and the defendant excepted to
the overruling of said first objection. The plaintiff, after
amending his complaint, again offered said mortgage in evi-
dence, and the defendant objected to said mortgage being
used as evidence ; which objection the court overruled, and
the defendant excepted. The defendant's counsel having
cross-examined said James R. Spragins, who was a witness

for himself, and had testified that he was a merchant, doing business, selling goods, and taking mortgages as security, in reference to an erasure in said mortgage of the words '*February*,' '*October*,' '*one*,' as shown in said mortgage, which is sent up with the record by order of the court ;* the plaintiff was allowed, against the objection of the defendant, to testify that it was his custom or habit to write mortgages from customers to himself, leaving the dates blank, and afterwards, when the intended mortgagor came in to execute the mortgage, to fill up the blank. The defendant objected to the admission of this evidence, but the court overruled the objection, and allowed the witness to so testify ; to which the defendant excepted. This was all the evidence relating to these questions."

The rulings of the court to which exceptions were thus reserved, are now assigned as error.

WALKER & SHELBY, for appellant.

SOMERVILLE, J.—The description of the animal sued for, as ' one black mule about eight years old,' is not so general or indefinite as to avoid the mortgage, or authorize its exclusion from evidence. Such a general description may be rendered more certain when "read in the light of circumstances surrounding the parties," at the time the instrument was executed. And it was sufficient, when recorded, to excite the inquiry of strangers dealing with the mortgagor, and thus charge them with notice.—*Ellis v. Martin*, 60 Ala. 394.

The evidence, explanatory of the alteration of the date of the mortgage, tended to show that it was both authorized, and made *bona fide ;* and hence it was admissible.—1 Greenl. Ev. § 564; 1 Whart. Law Ev. § 622.

Affirmed.

---

*The mortgage is not attached to the transcript, and it has not come into the hands of the reporter.