# Tompkins *v.* Henderson *& Co.*

*Statutory Detinue by Mortgagee.*

1. *Variance in description of animal.*—Where the animal conveyed by a mortgage is therein described as a "black mare mule," while the one sued for is described by the witnesses as a "dark mouse-colored mare mule," or a "mouse-colored mule," the variance is not so great as to render the mortgage inadmissible as evidence; but the question of identity should be submitted to the jury.

2. *Proof of consideration of mortgage; judgment as evidence.*—A judgment is not, of itself, evidence of a debt existing prior to the day of its rendition; and in a contest between the plaintiff therein, having levied his execution on personal property under prior mortgage, and the mortgagee as claimant, if the plaintiff adduces no evidence but his judgment, the claimant is not required to prove the consideration of his prior mortgage.

[Tompkins v. Henderson & Co.]

3. *Constructive notice.*—What is sufficient to put a person on inquiry, is not necessarily sufficient to charge him with notice. The fact brought to his knowledge must be sufficient to put him on inquiry, and the inquiry, if followed up, must reasonably lead to knowledge or notice of the fact sought to be imputed.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by J. M. Henderson & Co., suing individually and as partners, against Micajah Tompkins, to recover a mule, which was described in the complaint as a "black mare mule," with damages for its detention; and was commenced on the 10th April, 1886. The defendant "pleaded the general issue, and issue was joined on that plea." On the trial, as the bill of exceptions shows, it appeared that the plaintiffs claimed the mule under a mortgage for advances to make a crop, executed to them by Isaiah Boles, which was dated January 14th, 1885, and duly recorded on the 21st January; the property thereby conveyed, in addition to the crop, being described as "one black mare mule, about five years old, and one black mare mule, about four years old," The defendant bought the mule at sheriff's sale under execution against said Isaiah Boles, issued on a judgment in favor of Garner, Parker & Co., which was rendered on the 4th March, 1886; and he offered the judgment and execution in evidence. In the return on the execution, the mule levied on was described as a "bay mare mule, about five years old." The sheriff, who made the levy, described the animal as a "mouse-colored mule;" and one Mancill, a witness for plaintiff, who was present at the sale, as a "dark mouse-colored mule." Said Boles, the mortgagor and defendant in execution, testified that the mule sued for was one of those conveyed by the mortgage, and was "dark colored," and that he owned no other mules than the two conveyed. The defendant objected to the admission of each part of the plaintiffs' evidence, on account of the variance in the description of the animal; and the complaint having been amended by leave of the court, by describing the mule as "dark mouse-colored," he then moved to exclude the mortgage as evidence, on account of the variance in the description. The court overruled each of these objections and motions, and the defendant excepted. Two of the plaintiffs' witnesses testified, also, that notice of their mortgage on the mule was given at the sheriff's sale. The defendant himself testified, "that he had no actual notice or knowledge of any mortgage on the

[Tompkins v. Henderson & Co.]

mule—the only notice he had, if any, being that afforded by the due registration of the mortgage to plaintiffs." The rulings of the court on the evidence, charges given at the request of the plaintiffs, and the refusal of charges asked, are now assigned as error.

JNO. GAMBLE, for the appellant.

GARDNER & WILEY, contra.

STONE, C. J.—The mule described in the mortgage is a "black mare mule." The witnesses describe the mule sued for as a "dark mouse-colored mare mule," and as a "mouse-colored mule." The complaint, as amended, claims a dark mouse-colored-mare mule. There is some testimony to show actual notice of Henderson & Co.'s claim, given before the sale—that this was the mule actually mortgaged—and that the defendant in execution had no other mules than the two mentioned in the mortgage as "black mare mules." The description in the mortgage is not so entirely false or misleading, as that the mortgage and other identifying evidence should have been ruled out. It was properly a question for the jury to determine whether the mule sued for was the mule conveyed. The charge of the court fairly submitted that inquiry to the jury.—Jones Chat. Mort. § 55; Smith v. McLean, 24 Iowa, 322; Rowley v. Bartholomew, 39 Iowa, 375.

Henderson & Co.'s mortgage was executed in January, 1885, and was properly filed for record the same month. It recites an indebtedness of one hundred and fifty dollars, which it purports to secure. Garner, Parker & Co. recovered a judgment against Isaiah Boles, the mortgagor, in March, 1886. There is no evidence of his indebtedness to them before that time. Under an execution issued on this judgment, the mule was sold, and Tompkins became the purchaser, taking the mule into his possession. There being no evidence that the debt under which he purchased had any existence, except as shown by the judgment, Henderson & Co. were not required to show any debt, to uphold their mortgage. Boles' admission of the debt to them, being older than the judgment under which Tompkins claimed, was sufficient to support their action against him, or against any one claiming under or through Boles, by title acquired at

a latter date.—*Gordon v. McIlwain*, 82 Ala. 247; *Bolling v. Jones*, 67 Ala. 508.

The last charge given at the instance of the plaintiffs below must work a reversal of this case. Its language is: "If the description of the property was sufficient to put parties on inquiry, then they will be held to have had notice that the mule was included in the mortgage." This omits a material element of imputed notice. To come up to the rule, it is not enough that the facts, of which the party sought to be charged has notice, shall be sufficient to put him on inquiry. It requires that the finding shall go further, and produce reasonable conviction that such inquiry, if followed up, would have led to a knowledge of the facts sought to be established; in this case, the identity of the mule sued for, with the one conveyed in the mortgage.—*Boggs v. Price*, 64 Ala. 414; *M. & M. Railway Co. v. Felrath*, 67 Ala. 189; *Hodges v. Coleman*, 76 Ala. 103, 113, *et seq.*

What we have said above is applicable to cases of indeterminate testimony, the sufficiency of which must be passed on by the jury. There are cases of notice, presumed from record or documentary testimony, and some other classes of cases, which rest on different principles.—*Dudley v. Witter*, 46 Ala. 664.

Reversed and remanded.