# Cragin & Knobles *v.* Dickey.

*Bill in Equity to Foreclose Mortgage.*

1. *Foreclosure of chattel mortgage; sufficient description of the property mortgaged.*—Where in a mortgage, to foreclose which a bill is filed, the property mortgaged is described as "three hundred (300) head of sheep, marked with a swallow fork and over-bit in one ear and two splits in the other, brand D. Said sheep are in Washington county, said State," such description of the property contained in the mortgage is sufficiently accurate and definite to authorize the foreclosure

[Cragin & Knobles v. Dickey.]

and sale of certain sheep admitted to belong to the mortgagor, although only about a dozen of them were branded "D," when the evidence in the case shows that the ear marks of said sheep admitted to belong to the mortgagor corresponded with the description contained in the mortgage; that at the time of the execution of the mortgage, the mortgagor owned 300 sheep in Washington county and owned no more in that county or elsewhere; that those were the sheep intended to be and which were conveyed by the mortgage, and that his mark was known throughout the county; and in such case the fact that the mortgage described all of the sheep as being branded, when only a part of them were thus branded, is ineffectual to render the conveyance invalid, when considered in connection with the whole evidence.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellants, Cragin & Knobles, against the appellees.

On May 28, 1892, G. W. Dickey executed a mortgage conveying to Cragin & Knobles "three hundred (300) head of sheep with a swallow fork and over-bit in one ear, and two splits in the other, brand D. Said sheep are in Washington county, said State. Also twenty head of cattle marked swallow fork in one ear, and brand D.," to secure a note for $700. Dickey died on March 22, 1893. Shortly thereafter Mrs. Dickey met Cragin & Knobles by appointment, and it was agreed between them that they would wait on her for the payment of the debt, and that she would keep possession of the sheep and should turn over to them the wool when the sheep were sheared, and so pay the debt, and her son there in her presence signed her name to the note and mortgage. This agreement she failed to keep, and on June 15, 1894, the original bill was filed against her, and on October 7, 1895, it was amended by making A. J. Wood, as administrator of G. W. Dickey, a respondent.

The bill averred that the complainants had previously brought a detinue suit against Mrs. Dickey to recover the cattle and sheep, under which the sheriff seized the cattle and eleven head of sheep, the only ones he could find branded. He refused to seize the other sheep unless he was given an indemnity bond, and then this bill was filed alleging that Dickey only had at the time he executed the mortgage 300 head of sheep, and that these sheep were mortgaged though all of them were not

[Cragin & Knobles v. Dickey.]

branded. The administrator practically admitted the allegations of the bill. Mrs. Dickey set up that the debt had been paid.

On the final submission of the cause, on the pleadings and proof, the chancellor found that the debt which the mortgage was given to secure had not been paid, but adjudged that the sheep conveyed in the mortgage, not being branded, were incapable of identification, and, therefore, the complainants were not entitled to the relief prayed for ; and accordingly ordered the bill dismissed. From this decree complainants appeal, and assign the same as error.

McINTOSH & RICH and R. T. ERVIN, for appellants. The description of the property contained in the mortgage, when taken in connection with the evidence in the case, was sufficient to authorize its foreclosure.—Brown on Parol Evidence, §§ 19, 126 ; *Barker v. Wheelip*, 42 Amer. Dec. 433 ; *Connally v. Spragins*, 66 Ala. 258 ; *Hurt v. Redd & Co.*, 64 Ala. 85 ; 1 Greenl. on Evidence, § 301.

JOHN R. & CHAS. W. TOMPKINS and BROWN & TONSMEIRE, *contra.*

COLEMAN, J.—The appellants filed this bill to foreclose a mortgage given by George W. Dickey in his lifetime upon his cattle and sheep. It appears from averments in the bill that complainants instituted detinue proceedings to recover possession of the property. The question of *res adjudicata*, is not raised by respondents, either by plea or answer, and construing the pleadings most strongly against the pleader, the averments on their face are not sufficient to justify the court *ex mero motu* to conclude that the detinue suit has been finally concluded, or the rights of complainants adversely adjudicated. We are wholly unable to perceive how the reference in the bill to the detinue proceedings were to avail complainants, nor can we perceive how complainants could expect to derive any aid, by injecting into their bill, the agreement made with E. F. Dickey, wife of the mortgagor. The one question presented for consideration by the pleadings is, whether the description of the property contained in the mortgage is sufficiently

accurate and definite to authorize the foreclosure and sale of certain sheep admitted to belong to the mortgagor, but which do not precisely correspond with the description in the mortgage. The property is described in the mortgage as "Three hundred (300) head of sheep, marked with a swallow fork and over-bit in one ear and two splits in the other, brand 'D.' Said sheep are in Washington county, said State." The bill and facts show that only about one dozen of the sheep were branded "D;" the ear marks, however, of the sheep corresponded with the description contained in the mortgage. The bill avers and the facts show that when the mortgage was executed, George W. Dickey, the mortgagor, owned three hundred sheep in Washington county, and that he owned no more in that county or elsewhere, and that these were the sheep intended to be conveyed and were conveyed by the mortgage, and his mark was known throughout the county. After reading the bill and answers and the evidence in the case, there is no room to doubt the conveyance of the sheep by the mortgage, and the fact that the mortgage described them all as being branded, when only a part were branded, does not invalidate it. The averments of the bill are full and the proof is ample to identify the property. The contention here is between mortgagor and mortgagee, and not between mortgagee and other creditors or purchasers of the mortgagor.—*Smith v. Fields,* 79 Ala. 335; *Chambers v. Ringstaff,* 69 Ala. 140; *Ellis v. Martin,* 60 Ala. 394; *Connally v. Spragins,* 66 Ala. 258; *Hurt v. Redd,* 64 Ala. 85; *Johnson v. Grisard,* 3 L. R. A. 795, notes; Jones on Chattel Mortgages, § 63, note 4, and authorities.

Whether or not there will be found a balance due on the mortgage, and how much, if any, cannot be definitely ascertained without the execution of a reference. Upon the pleadings and evidence as it now appears, complainants were entitled to relief and a reference.

The decree of the chancery court is reversed, and a decree will be here rendered, granting relief to complainants, and an order to the register to hold a reference and state an account, to be reported to the next term of the chancery court for said district. The evidence as to payments is not full, and in executing the reference, the register will receive any legal evidence that may be offered by either party.

Reversed and rendered, and remanded.