# Holman *v.* Clark.

## *Detinue.*

(Decided June 20th, 1906.   41 So. Rep. 765.)

1. *Evidence; Opinion of Witness.*—In a suit of detinue for a mule claimed by plaintiff under a mortgage, plaintiff testified that he sold the mule to the mortgagor who had possession prior to the sale and execution of the mortgage, and that the mule

[Holman v. Clark.]

was his up to the time the mortgage was executed, and it was "so understood." Held, it was not error to exclude the expression "so understood" as it was synonymous with "agreement," and the statement of a fact and not a conclusion.

2. *Same; Relevancy; Matters Explanatory of Facts in Evidence.*—It was competent for the plaintiff to testify that the relation of landlord and tenant had existed between himself and the mortgagor for several years, and that he had furnished the mortgager with several mules, including the one in controversy, where it appeared that the mortgagor had been in possession of the mule prior to the time of the giving of the mortgage on it.

3. *Detinue; Issue and Proof.*—The mortgage was admissible in evidence although it described the mule as black, while the plaintiff described the mule as a dark bay.

4. *Same.*—The complaint alleged that the mule was sold to a named person about two or three years before the commencement of the action. Held, that evidence which showed that it was sold one year, nine months and seventeen days before the commencement of the action, was in substantial correspondence with the allegations of the complaint.

5. *Same.*—Where there is a substantial correspondence between the proof and the description of the mule in the complaint, the age of the mule, as stated in the complaint, is immaterial.

6. *Evidence; Materiality.*—The fact that the plaintiff executed to a certain bank a mortgage on all his property after he received the mortgage on the mule and did not include the mule in the mortgage to the bank, was immaterial and properly excluded.

7. *Same; Declaration; Possession of Property.*—Where it appeared that the mortgagor had been in possesion of the mule when he executed a mortgage to the defendant, and that the plaintiff claimed under a mortgage on the mule executed to him at the time of the sale by him to the mortgagor of the mule, and defendant's mortgage was prior in point of time, evidence that the mortgagor claimed the mule as his own at the time he executed the mortgage to defendant, was competent and its exclusion error.

8. *Trial; Offer of Evidence; Evidence Inadmissible in Part.*—Where evidence is proposed to be offered, part of which is incompetent, this court will not reverse the trial court for declining to admit it, as no duty rests on the trial court to separate the good from the bad.

APPEAL from Dale Circuit Court.

Heard before HON. A. A. EVANS.

Action by A. S. Clark against J. D. Holman. From a judgment in favor of plaintiff, defendant appeals.

Action of detinue by appellee against appellant for the recovery of a mule. The facts are sufficiently stated in the opinion. The plaintiff and defendant each requested the affirmative charge. The court gave the charge for the plaintiff, and refused it to the defendant.

SOLLIE & KIRKLAND, for appellant.—The question of the identity of the mule sued for was one for the jury and the court erred in giving the affirmative charge.— *Thompkins v. Henderson,* 85 Ala. 393; *Wilkerson v. King,* 81 Ala. 156. Holman having shown that he paid value when he took his mortgage, the burden was on Clark to show notice and the record in this case does not show sufficient notice as to put Holman on such inquiry as the law requires, which if followed up, would have disclosed to him the fact.—Jones on Chattel Mortgages, §§ 53, 54, 64, 65 and 67.

J. E. Z. RILEY, for appellee.—No brief came to the reporter.

DENSON, J.—This is an action of detinue, commenced on the 30th day of November, 1904, by A. S. Clark against J. D. Holman to recover a mule. The plaintiff obtained judgment in the circuit court, from which the defendant prosecuted this appeal.

In the complaint the mule is described with particularity, the description being as follows: "One dark bay mare mule about 7 years old, named 'Bert,' known as the McKnight mule,' sold to J. J. McKnight about two or three years ago by A. S. Clark." The plaintiff's right to recover is based on a mortgage executed by J. J. McKnight to him on the 13th day of February, 1903. On the trial, which occurred at the spring term, 1905, the plaintiff testified as follows: "I know the mule for which this suit is brought. She is a black mare mule about 11 years old. She is the same mule claimed in the complaint heretofore read to the jury. She is my mule. I traded for her from one Wilkinson. I traded him an iron gray horse mule for her. McKnight, from

whom the defendant got the said mule, had the iron gray mule before the trade was made with Wilkinson. The iron gray mule was mine. I made the trade with Wilkinson for the mule in controversy, and McKnigt did not make it. McKnight and myself had talked of our making a trade for the iron gray mule before it was traded to Wilkinson. We had talked about a price for the mule, and probably had agreed on a price; but the mule was to be my mule until it had been paid for. It was not McKnight's mule at all. It was my mule. When I traded with Wilkinson for the mule in controversy, it was left with McKnight; but it was my mule. We talked about McKnight buying the mule, and, if he ever paid for it, it was to be his mule; but he never paid for it. We talked about selling the mule to McKnight, but it is not my recollection that I ever charged the price of the mule on my books. We may have agreed on a price that McKnight was to give for the said mule, but she was to be my mule till McKnight paid for her. On the———day of———, 1903, I sold the mule straight to McKnight and took a mortgage on her. The mortgage now shown me is the mortgage I took on McKnight at the time I sold him the mule." The plaintiff then introduced the mortgage in evidence. The mortgage bears date of execution February 13, 1903, and was recorded in Barbour county on the 24th day of March, 1903. Only one mule is described in the mortgage, and the description there given is as follows: "One black-colored mare mule 8 years old."

Objection was made to the introduction of the mortgage on the ground that there was a variance between the description given in the complaint and that contained in the mortgage. Besides the general objection of variance, the specific grounds assigned relate to the color and age of the mule. The objection was overruled. Before considering the ruling of the court on the objection, we will dispose of two exceptions that were taken to rulings on the admissibility of evidence. After the mortgage was read to the jury, the plaintiff, further testifying, said: "The mule was mine up to the time that said mortgage was executed, and it was so understood." In view of all the evidence preceding it, the court did

not err in refusing to exclude the expression of the witness, "it was so understood." As used, it must be taken as synonymous with agreement, and is the statement of a fact, not the expression of an opinion or a conclusion. —*Griffin v. Isbell,* 17 Ala. 184; *Saltmarsh v. Brewer & Co.,* 34 Ala. 613; *Shafer v. Hausmon,* 139 Ala. 237, 35 South. 691.

The plaintiff further testified that at the time he took the mortgage from McKnight to himself the relation of landlord and tenant existed between him and McKnight, McKnight being on plaintiff's farm in Barbour county, Ala.; that the relation of landlord and tenant had existed between him and McKnight for several years; and that he had furnished McKnight several mules besides the one in controversy. "The defendant objected to the plaintiff so testifying as to the several years' tenancy of the said McKnight, upon the grounds that it is immaterial, illegal, and incompetent evidence." The part of the evidence referred to in the objection, "the several year's tenancy," we think was properly allowed. It was explanatory of McKnight's possession of the mule prior to the time the mortgage was executed. The plaintiff then testified that no price was agreed on between him and McKnight for the mule and no price for her was ever charged on his books.

Recurring to the admissibility of the mortgage as evidence: "It is a general rule that the substance of the issue must be proved, and any departure in the evidence from the substance constitutes a variance, and is fatal." Another rule stated by Mr. Greenleaf is that "whatever cannot be stricken out without getting rid of a fact essential to the cause of action must be retained, and, of course, must be proved even though it be described with unnecessary particularity."—1 Greenleaf on Ev. §§ 195, 200; *Johnson v. Whitfield,* 124 Ala. 508, 27 South. 406; *Gulf City Shingle Co. v. Bayles,* 129 Ala. 192, 29 South. 800. With respect to the color of the mule given in the complaint and that given in the mortgage, we do not think the variance was sufficient to exclude the mortgage from the jury. There was substantial correspondence, at least to the extent to make the identity of the mule in this respect a jury question.—*Connally v.*

[Holman v. Clark.]

*Spragins,* 66 Ala. 258; *Tompkins v. Henderson,* 83 Ala. 391, 3 South. 774; *Cragin v. Dickey,* 113 Ala. 313, 21 South. 55.    It must be conceded that the evidence showed without conflict that the mule was sold by A. S. Clark to McKnight 1 year, 9 months, and 17 days before the date of the filing of the suit.    This was substantial correspondence with the averment in the complaint that the mule was sold to J. J. McKnight about 2 or 3 years ago by A. S. Clark.—1 Greenleaf on Ev. § 63.    Age is not a matter of such essential description of the mule that it could not be stricken from the complaint without effecting plaintiff's cause of action.    Especially is this true when in other particulars there is substantial correspondence between the description alleged and the proof.    Age then becomes immaterial.—Jones on Chattel Mortgages, § 61; *Tolbert v. Horton,* 33 Minn. 104, 22 N. W. 126.    Furthermore, the manner in which the age of the mule is averred in the complaint was a notification to the defendant that the proof in this respect would not correspond strictly with the age averred.    We have noticed only the specific grounds of the objection made to the mortgage.    Our conclusion is that the mortgage was properly admitted against the objections made to it.—Authorities supra.

The execution of a mortgage to the bank of Abbeville by the plaintiff, after he received the mortgage from McKnight, on all of plaintiff's property, and in which he did not include the mule in controversy, was immaterial to any issue in the case, and was properly disallowed.

The defendant claimed title to the mule under a mortgage executed by McKnight to him prior in point of time to the plaintiff's mortgage.    The proof showed that McKnight was in possession of the mule when defendant's mortgage was executed.    In this condition of the proof witness Wells should have been allowed to testify that McKnight at the time he executed the mortgage, claimed the mule as his own.    Declarations of one in possession of property, explanatory of his possession, are competent.    This point has been many times decided by this court.—3 Mayfield's Dig. p. 456, § 405; *McBride v. Thompson,* 8 Ala. 650; *Gary v. Terrill,* 9 Ala. 206; *Thompson v. Mawhinney,* 17 Ala. 362, 52 Am. Dec. 176;

[Daniel v. Baldwin, et al.]

*Clealand v. Huey,* 18 Ala. 345; *Jones v. Chenault,* 124 Ala. 610, 27 South. 515, 82 Am. St. Rep. 211; *Daffron v. Crump,* 69 Ala. 77. The evidence in this connection proposed to be shown by the witness Beasley contained matter that was purely hearsay and of the kind that could not bind the plaintiff. No duty rested on the court to separate the good from the bad; hence error cannot be predicated of the court's ruling with respect to it.—*McBride v. Thompson, supra.*

As the case must be reversed on the admissibility of evidence, and the evidence may not be the same on another trial, it is unnecessary to consider the correctness or not of the giving of the affirmative charge for plaintiff. There was no error in refusing the charge requested by the defendant.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.