# Stickney *v.* Dunaway & Lambert.

## *Detinue.*

(Decided Dec. 8, 1910.   53 South. 770.)

1. *Mortgages; Description.*—The description in a mortgage of a mule as "one sorrel mule colt Traveller" is not so uncertain as to avoid the mortgage.

2. *Same; Recording; Constructive Notice.*—The seasonable record of a mortgage imputes notice to all the world of the lien of the mortgage, if otherwise efficacious, as the basis of constructive notice.

3. *Same; Bona Fide Purchase; Record.*—A purchaser of property conveyed by mortgage seasonably recorded is chargeable with knowledge of all that the record states, and with all that would be discovered by any inquiry reasonably suggested thereby; while a description in a recorded mortgage, good as between the parties, may be insufficient to deprive a buyer of the mortgagor to assert his rights as a bona fide purchaser, yet it is not every inaccuracy of description that will have this effect.

4. *Same; Description; Sufficiency.*—Where a recorded mortgage conveyed a sorrel mule named Traveller in the possession of the mortgagor naming him, and stating that it was given to secure advances and included mules without which the mortgagor could not make a crop, and that the raising of the crop by the mortgagor, (naming him) on certain lands was contemplated, the recitals were sufficient to put on inquiry a person purchasing from the mortgagor, a "bay mule named Traveller."

5. *Same; Effect of Change of Color.*—A mortgagee's rights will not be prejudiced by the natural changes of color of animals described therein.

[Stickney v. Dunaway & Lambert.]

6. *Detinue; Evidence.*—Where the action was detinue by the buyer from the mortgagor against the mortgagee for a mule conveyed by the mortgage, it was competent to show how many mules or mule colts the mortgagor had from the date the mortgage was executed until the time he sold the mule in question to the plaintiff, as such evidence bears immediately on the issue as to whether the mule in suit was the one covered by the mortgage.

7. *Same; Jury Question.*—Whether the mule sued for and the mule described in the mortgage was the same animal, was a question for the jury under the facts in this case.

8. *Same; Description.*—Where the mortgage described the mule as a sorrel mule, and the complaint described it as a bay mule, and the action was detinue by a purchaser from the mortgagor against the mortgagee the mortgage was admissible.

9. *Same; Evidence.*—Where the action was in detinue for a bay mule by a purchaser from the mortgagor against the mortgagee and the question was as to the identity of the mule, it was not proper to permit a question as to whether or not a light or sorrel colored colt was likely to turn darker as it grew older, for while it was pertinent and proper to show that mules change color, the question was rendered too indefinite by the use of the term "likely."

10. *Words and Phrases; Sorrel; Bay.*—According to the lexicographers the terms "sorrel" and "bay" as applied to the descriptive color of horses, have reference to reddish brown.

Appeal from Hale Circuit Court.

Heard before Hon. B. M. Miller.

Detinue by Dunaway & Lambert against J. B. Stickney, for a mule colt. Judgment for plaintiffs and defendant appeals. Reversed and remanded.

De Graffenried & Evins, for appellant. Both parties claim title through Will Hinton, and it was competent to show how many mules Hinton had, and also the color of the mule. Plaintiffs had notice of mortgage on a mule colt named Traveller in the possession of Will Hinton, and within four months after the giving of the mortgage bought the only mule colt in his possession, and hence, charge 1 given for plaintiff was error.—114 Ala. 299; 60 Ala. 537; 76 Ala. 311; 83 Ala. 208; 120 Ala. 66. The court erred in the second charge given.—17 Cal. 142. The defendant was entitled to the affirmative charge under the evidence.—*Foxworth v. Brown Bos.*, 120 Ala. 66; *Truss v. Harvey*, 120 Ala. 640.

The court also erred in refusing charges 2 and 3.—Authorities supra. The recordation of the mortgage was notice and the terms of the mortgage were sufficient to have put the purchaser on inquiry.—24 A. & E. Enc. of Law, 151-3

A. M. TUNSTALL, and THOMAS E. KNIGHT, for appellee. The charges numbered 2 and 3 requested by the defendant were faulty as to the question of notice.—*Boggs v. Price,* 64 Ala. 514; *M. & M. R. R. Co. v. Felrath,* 67 Ala. 189; *Hodges v. Coleman,* 76 Ala. 103. The mortgage was certain in its description and there was no occasion for extrinsic evidence. It described a sorrel mule colt, and did not put the purchaser on notice that it conveyed a bay mule.—*Johnson v. Wilson & Co.,* 137 Ala. 468; *Grimmer v. Nolan,* 40 So. 97. More particularity is required when the question occurs between a mortgagee and a third person than in a contest between the parties to the instrument.—*Wood v. W. P. C. Co.,* 40 So. 959; *Davis v. Horn,* 45 So. 476. Counsel discuss assignments of error relative to evidence, but without citation of authority.

McCLELLAN, J.—Detinue, for a mule, by subsequent purchasers (appellees) from mortgagor against the mortgagee (appellant). The mortgage was seasonably recorded in January, 1907. In May of that year the appellees purchased an animal from the mortgagor. The mortgage, among other chattels, contained the description of "1 sorrel mule colt Traveller." The complaint describes the property sued for as "one bay horse mule."

The plaintiffs invoked their protection under the doctrine of bona fide purchaser for value and without notice. The court, at their instance, charged the jury as

follows: " I charge you that the recording of the mortgage in question was only notice to plaintiffs of a mortgage by Will Hinton on a sorrel mule colt named 'Traveller,' and was not notice of a mortgage on one bay mule colt named 'Traveller.' " The description in the mortgage was not so indefinite and uncertain as to avoid the instrument.—*Connally v. Spragins,* 66 Ala. 258; *Tompkins v. Henderson & Co.,* 83 Ala. 391, 3 South. 774; *Holman v. Clark,* 148 Ala. 286, 41 South. 765. Whether the mule sued for and the mule described in the mortgage were the same animal was a question for the jury. —*Tompkins v. Henderson, supra.* Both of the terms, "sorrel" and "bay," as applied to the description of the color of the animals, appear, according to the lexicographers, to have reference to "reddish brown."—Webster. The difference, if any, between the terms, was not sufficient to affect the admissibility of the mortgage as evidence.—*Holman v. Clark, supra.*

If otherwise efficacious as the basis of constructive notice to purchasers, the seasonable recordation of a mortgage operates to impute such notice, to all the world, of the existence of the lien or the mortgage.—*Chadwick v. Russell,* 117 Ala. 290, 23 South. 524; *Smith v. Fields,* 79 Ala. 336. As respects the description of chattels covered by a mortgage, and the effect, protective in nature, upon the rights of purchasers or mortgagees, a different rule prevails where purchasers are to be concluded as upon constructive notice arising from compliance with the statute for recording such instruments; and, on the other hand, where the contest is between the *parties to* the instrument. In the former event, and that is the inquiry here presented, the description may be sufficient between the parties, and yet insufficient to give rise to the constructive notice essential to defeat the successful assertion of the protection accorded a bona fide purchas-

er for value and without notice. While this is obviously true, it by no means follows that a *part* of the description of a chattle mentioned in the instrument will relieve the purchaser of all effect upon his rights of the recordation made.

To put the proposition otherwise: In order to impute to a purchaser of a mortgaged chattel notice that such chattel is subject to the lien of the mortgage, it is not essential that the chattel bought should answer, with entire exactness, to the whole description written in the recorded instrument. As between mortgagees and purchasers, the rule, as stated by Judge Freeman in *Barrett v. Fisch* (Iowa) 14 Am. St. Rep., at page 242, is: "The mortgage * * * must point out the subject-matter of it, so that such persons (purchasers) by it, *together with such inquiries as the instrument suggests, may be able to identify the property intended to be covered.*" (Italics supplied.) This statement of the rule accords with the doctrine long recognized in and enforced by this court. In *Connally v. Spragins, supra,* the issue arose between parties relationed as these parties. The description in that mortgage was: "One black mule about eight years old." The court said: "Such a general description may be rendered more certain when 'read in the light of circumstances surrounding the parties' at the time the instrument was executed. And it was sufficient, when recorded, to excite the inquiry of strangers dealing with the mortgagor, and thus charge them with notice." *Connally v. Spragins* is grounded, in this particular, on *Ellis v. Martin,* 60 Ala. 394; and the doctrine of that decision supports the former. In *Smith v. Fields, supra,* the description was: "My entire crop of cotton and corn." Hardly any words could have been any more general. The court said: "The description of the property in the mortgage,

though general, is sufficient to put on inquiry; and the defendant, purchasing from such mortgagor, was bound to ascertain whether the cotton he purchased was the same conveyed by the mortgage. Registration of such mortgage in the proper office is constructive notice." To like effect are *Lockard v. Stephenson*, 120 Ala. 636, 640, 641, 24 South. 996, 74 Am. St. Rep. 63; *Whittleshoffer v. Strauss & Steinhart*, 83 Ala. 517, 3 South. 524; *Woods v. Rose & Co.*, 135 Ala. 297, 33 South. 41. The court, in the last-cited case, quoted and applied in decision the pertinent expression we above quote from *Smith v. Fields*.

The rule before stated in the words of Judge Freeman is substantially that employed in Jones on Chattel Mortgages (5th Ed.) §§ 54, 54c. From this premise of statement and decision it must needs result that the following text, in 24 Am. & Eng. Ency. Law, pp. 151, 152, is sound: "The record of an instrument entitled to registration imparts to such persons as are bound thereby constructive notice of all facts, which they could have ascertained by an actual examination of such record, but also all of those as to which it reasonably suggests an inquiry, and which would be disclosed by such inquiry. * * * A subsequent purchaser is entitled to rely upon the record, and cannot be charged with constructive notice of latent equities, or facts not disclosed or suggested by the record itself. * * * Where the property conveyed is not described sufficiently to identify it with reasonable certainty, *and there is nothing to put the searcher on inquiry*, the record will not give constructive notice of the conveyance. But the record, although defective as regards the description of the property, will nevertheless operate as notice if sufficient to put a reasonable man on inquiry as to what property was actually conveyed." (Italics supplied.)

From the evidence admitted on the trial, it appears that the mule in controversy was in the mortgagor's possession when the purchase by the appellees was undertaken to be made, and that its name was "Traveller" —the same as that of the mule described in the mortgage. It was a controverted issue whether the mule was of the color set forth in the mortgage. Under the law as we have stated it, a partially erroneous description of the animal cannot avail appellees in this instance. So, whether the mule be a *sorrel* or a *bay*—assuming, for the occasion, that these terms define different shades or colors—that fact cannot cast the result in appellees' favor on the issue of bona fide purchasers. They are bound by the recitals of fact made in the recorded instrument, a part of which was the note to secure which it recites it was given. From it they must be held to have known that appellant had a mortgage on a mule colt in possession of Hinton, the mortgagor; that the name of the animal was "Traveller"; that the obligation was given to secure advances, and included, in terms, "mules," without which the mortgagor would not be able to make a crop; and that the raising of a crop, by Hinton, in Hale county, on land owned by A. B. Jones, was contemplated.

These facts, recited in the mortgage, must be held to have been within the knowledge of the appellees, even though they did not actually read the instrument as recorded; and were of themselves sufficient to lay the obligation of inquiry on the appellees when dealing with this mortgagor.—*Connally v. Spragins, supra; Smith v. Fields, supra.* Whether the stated inquiry would have led to the discovery of the fact that the mule in suit was the mule covered by the mortgage was a jury question, as we have before stated.—*Tompkins v. Henderson, supra.*

[Stickney v. Dunaway & Lambert.]

The charge quoted is not in accord with the conclusions we have expressed. It exempted the appellees from any duty of inquiry suggested by the recitals of the instrument itself. To the contrary, it made mere accuracy of description—in respect of the color of the animal—the test of appellees' freedom from the consequences of constructive notice of the status of the property. The charge could not have.been misleading merely. It declared an erroneous test for constructive notice in this case, in that it omitted a feature the law prescribed as an essential factor in such test, viz., facts recited in the instrument imposing the duty to inquire when dealing with the known mortgagor.

Defendant, on his examination, was asked by his counsel this question: "How many mules or colts did Willie Hinton have from January 1, 1907, through May of that year?" This question should not have been disallowed. It bore immediately on the issue whether the mule in the suit was the mule covered by the mortgage.

The witness Gewin, introduced by defendant, testified that he had been dealing in mules and horses for many years; that he was "acquainted with their growth and development"; and that "mules change color." Defendant's counsel propounded this question to him: "Please state, if you know, whether a light or sorrel colored colt is likely to turn darker as it grows older?" Plaintiff's objection was sustained. The identity of the mule was in issue. Some of the evidence tended to show that the mule in suit was *bay*. The mortgage described a *sorrel* colt. The idea evidently intended to be expressed in the question was pertinent to the issues in the case, and was admissible, if it had been couched in more definite language. The term *"likely"* was rather too indefinite, too equivocal, for employment in the connection indicated. This court, in *Howard's Case,* 108 Ala. 571,

577, 18 South. 813, reflected upon its use in judicial matters. The court in this instance will not be put in error for disallowing the question in the *form* in which it was put. A mortgagee's rights under the instrument will not suffer prejudice by natural changes of color (if so) of animals described therein.—*Turpin v. Cunningham*, 127 N. C. 508, 37 N. E. 453, 51 L. R. A. 800, 80 Am. St. Rep. 808.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.