## LAWLER v. HYDE.
### 8 Div. 646.

Supreme Court of Alabama.
March 28, 1935.

Rehearing Denied June 6, 1935.

Wm. Stell, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

KNIGHT, Justice.

Suit between mortgagee and mortgagor, in which the former sought to recover three mules, conveyed to him under a mortgage by appellant.

Defendant filed two pleas. Plea 1 was intended by the defendant, and so treated by the parties and the court, as the general issue; and plea 2 was a plea of recoupment, in which the defendant suggested that the plaintiff's action was founded on a mortgage, and asked that the court require the jury to ascertain the amount of the debt, and in addition thereto "as a defense pleads and says that the consideration for said mortgage indebtedness was a mule purchased by the defendant from plaintiff and at the time and place that the defendant signed the mortgage the plaintiff represented to the defendant that the mule was sound and a good work mule and defendant relied on said representation and signed said mortgage, and defendant avers that said representation was false and fraudulent in this, that the said mule was not sound and was not a good work mule, and on account of said false representation the defendant was damaged in the sum of $100.00 where he hereby offers to recoup against the demand of the plaintiff."

To this plea, plaintiff filed a general and special replication.

No demurrers were interposed to any of the pleading in the cause.

There was verdict for plaintiff in the following words: "We the jury find for the plaintiff for the property sued for and fix the value of the mule at $35.00, and find the mortgage debt to be $49.59." Upon this verdict, the court rendered the following judgment: "It is therefore ordered by the court that the plaintiff have judgment against defendant for the property sued for, to-wit: one bay mare mule, or the alternate value fixed by the jury at $35.00, together with the costs of this suit. It is further ordered by the court that the plaintiff have judgment against the defendant for the sum of $49.59 mortgage debt, together with the costs of this suit, for which let execution issue; but if the said property sued for, to-wit: one bay mare mule, or the alternate value of $35.00 is delivered to the plaintiff, the same shall be a credit on the mortgage debt in this case."

No exception seems to have been taken or reserved to this last provision of the judgment, and hence its propriety is not before us for determination.

The plaintiff sued for the recovery of three mules, but the evidence shows that before the suit was instituted two of the mules had died, and the sheriff in executing the writ of seizure took into his possession only one of the animals, to wit, one bay mare mule; and on the same day the defendant regained possession of said mule from the sheriff upon execution of bond as prescribed by the statute.

The evidence, without conflict, shows that the defendant owned the mules sued for at the time he executed the mortgage to the

plaintiff; that there was a balance due on the mortgage debt at the time the suit was brought; that all the mules conveyed by the mortgage were dead except the one seized under the detinue writ by the sheriff; and there is no evidence in the case which even remotely supports defendant's plea of fraud or deceit in the sale of the mule by plaintiff to him. In this state of the evidence the plaintiff was entitled to the general affirmative charge, and hence any error on the part of the court in giving the special charge requested by the plaintiff, or in refusing to give the special charges requested by the defendant, would be unavailing for a reversal of the cause.

■ Some argument is advanced by appellant that the court erred in refusing defendant's special charge numbered 1, to wit: "I charge you gentlemen if you believe the evidence in this case you cannot find for the plaintiff for one sorrel mule." It suffices to say, in reply to this argument of appellant, that plaintiff's mortgage covered one sorrel mare mule.

■■ Whether the court was warranted in rendering judgment for plaintiff for one bay mare mule on the verdict of the jury simply finding in favor of the plaintiff for the property sued for, we are not called upon to determine, as no question was raised on this point in the court below, nor is such question presented on this appeal. However, in Stickney v. Dunaway & Lambert, 169 Ala. 464, 53 So. 770, 771, it was observed: "Both of the terms, 'sorrel' and 'bay,' as applied to the description of the color of the animals, appear, according to the lexicographers, to have reference to 'reddish brown.' Webster. The difference, if any, between the terms, was not sufficient to affect the admissibility of the mortgage as evidence. Holman v. Clark, supra [148 Ala. 286, 41 So. 765]."

It is insisted that the court committed error to reversal in certain parts of its oral charge. The alleged errors of the court in this regard are embraced in two assignments.

The case comes to us from the Franklin county law and equity court, established by local act. Local Acts 1923, p. 272. A bill of exceptions is not required to be filed by the complaining party. The court reporter is required, when an appeal is taken, to transcribe in full all the proceedings in said cause which he reported and file the same with his official certificate appended thereto with the clerk of the court, and, when so filed with the clerk, the same shall constitute the legal bill of exceptions, with the right in either party, when the transcript is deemed incorrect, to have the judge of the court to pass upon the objections thereto, and make any corrections as the judge may deem proper.

It appears from the transcript filed by the reporter of the Franklin law and equity court that exceptions were reserved by the defendant to some portions of the court's oral charge, but it nowhere appears in the transcript that these exceptions were reserved before the jury retired to consider their verdict.

It is true that it does appear in the defendant's assignments of error that the exceptions to portions of the court's oral charge were taken before the jury retired, but this is not sufficient.

The transcript filed in lieu of the bill of exceptions must show that such exceptions were reserved before the jury retired.

■ We have uniformly held that the bill of exceptions must show that exceptions to the court's oral charge were taken before the jury retired. The reason for such a requirement is obvious. Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261; Phœnix Ins. Co. v. Moog, 81 Ala. 335, 337, 1 So. 108; Hayes v. Solomon, 90 Ala. 520, 7 So. 921; City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Sovereign Camp, W. O. W., v. Gay, 217 Ala. 543, 117 So. 78.

■ We likewise hold that the transcript, filed under the provisions of the local act creating the Franklin law and equity court, must show the reservation of an exception to the court's oral charge, before the retirement of the jury, in order to properly present the exception for review here.

Inasmuch as it does not appear that the exceptions forming the bases for appellant's sixth and seventh assignments of error were so reserved, we cannot consider the same.

It only remains to be said that the defendant's motion for a new trial was properly overruled.

The foregoing disposes of all questions presented here for review, and which have been argued. We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.