31 So.2d 338

## GARRETT et al. v. BREWTON et al.

### 7 Div. 902.

Supreme Court of Alabama.

June 26, 1947.

Rehearing Denied July 31, 1947.

Motley & Motley, of Gadsden, for appellants.

Roy D. McCord, of Gadsden, for appellees.

LAWSON, Justice.

On March 26, 1946, appellees instituted this proceeding against appellants to recover possession of certain lands described in the complaint. Appellants filed a plea of the general issue on April 24, 1946, and demanded trial by jury.

The jury, on November 21, 1946, found the issues in favor of the appellees and judgment was thereupon rendered in favor of appellees for the property sued for, together with damages for its detention.

The transcript was filed in the office of the clerk of this court on February 24, 1947. It contains the following certificate of the clerk of the circuit court of Etowah County:

"I, Howard Kirby, Clerk of the Circuit Court, in and for said County, do hereby certify that the foregoing pages numbered from one (1) to Nine (9) inclusive, contain a full, correct and complete transcript of the Record and Proceedings in this Court, wherein I. B. Brewton, Henry Brewton, Alex Brewton and Brazola Robinson are Plaintiffs and Jennie Garrett, Lillie Bradford and Simon Bradford are Defendants, and the Certificate of Appeal has heretofore been forwarded to the Clerk of the Supreme Court of Alabama.

"I further certify that no Stenographic Report has been filed with me, and the Court Reporter has informed me as of this date that same has not been ordered.

"Witness my hand and Seal of this Court, this the 3rd. day of January, 1947.

"Howard Kirby
"Clerk of the Circuit Court,
"Etowah County, Alabama."

The second, third, fourth, fifth and sixth assignments of error are based on the refusal of the trial court to give certain charges requested in writing by appellants. The oral charge of the court is not set out in the record; therefore, as to those assignments of error relating to the refused instructions, it is sufficient to say that where the oral charge is omitted from the transcript on appeal in a civil case, no error prejudicial to an appellant in refusing special requests for instructions is shown, unless the contrary appears, the presumption being indulged that the oral charge substantially covered the subject of such refused special requests for instructions. Gay v. Taylor, 208 Ala. 376, 94 So. 473; Hodges v. Wells, 226 Ala. 558, 147 So. 672. There is certainly nothing in this record

which in any wise tends to rebut the presumption that the oral charge of the court substantially covered the matters dealt with in the refused special requests.

█ The seventh assignment of error was predicated on the action of the trial court in giving the affirmative charge in favor of appellees. Of course, we cannot here review the action of the trial court in giving the affirmative charge for appellees where none of the evidence presented in the trial below is before us. Edelen v. Home Owners' Loan Corporation, 235 Ala. 191, 178 So. 218.

The eighth assignment of error is to the effect that the trial court erred in rendering a judgment for appellees for Lots 19, 20, 21, 23 and 24 in Block 18 of the Glenwood Addition. Assuming that the assignment properly presents the matter for our consideration, it is sufficient to say that there was no judgment for appellees for the lots above referred to.

█ The remaining assignments of error are to the effect that the trial court erred in rendering a judgment for appellees. Under these assignments appellants contend in brief that the cause should be reversed on the ground that the judgment does not contain a sufficient description of the property. It appears to be in the exact language of the verdict, which was in the language of the complaint. Assuming that the assignments of error in this connection are sufficient (see Baldwin, Alabama Truck Farms v. Strode, 184 Ala. 213, 63 So. 521), we note that there was no motion to set aside the verdict on the ground of the insufficiency of the description nor was anything done to call this matter to the trial court's attention; hence, nothing in respect thereto is here presented for review. Abernathy v. Worthy et al., 221 Ala. 527, 129 So. 472; Lawler v. Hyde, 230 Ala. 467, 161 So. 523.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.