ON REHEARING
Appellant-Lee, in its application for rehearing, contends this court failed to consider one issue it presented on appeal. Upon review of the original brief, we find that while Lee devoted insubstantial argument to this point, it did designate the matter in question as an issue.
Lee contends the judgment by the trial court against “Specialty Construction Company, Inc., a corporation” is erroneous in that it is against a nonexistent corporation. Rather, Lee states, the judgment should have been entered against “Specialty Construction Company of Alabama, Inc.,” the true name of the defendant-third party plaintiff corporation as shown by the evidence.
*153 Perusal of the record discloses that Lee neglected to raise this issue in the trial court. A party may not raise an issue for the first time on appeal. Specifically, one may not suffer a judgment to be entered by the trial court and thereafter complain of the contents thereof for the first time on appeal. Garrett v. Brewton, 249 Ala. 440, 31 So.2d 338; Lawler v. Hyde, 230 Ala. 467, 161 So. 523; Walker v. Mobile Marine Dock and Mutual Insurance Company, 31 Ala. 529. Appellant Lee’s having failed to bring the alleged impropriety to the attention of the trial court precludes our consideration of the issue.
However, we do point out that our decision does not preclude appellant-Lee from seeking any other relief to which it might lawfully be entitled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and BRADLEY, J., concur.