# Chadwick v. Russell.

## Action of Trespass.

1. *Registration of mortgages on personal property*; *effect as to notice.* Under the provisions of the statute (Code of 1886, § 1814; Code of 1896, § 1009) that mortgages on personal property are inoperative against purchasers without notice, until recorded, registration of such mortgages constitutes notice to all the world, including sub-purchasers under the mortgagor, of the existence of the lien of the mortgage.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

The appellant, J. T. Chadwick, brought this action against the appellee, W. W. Russell, to recover damages for the wrongful taking and conversion of certain specifically described personal property.

In the complaint there was a count for trespass and one for trover. Issue joined was upon the plea of the general issue.

The evidence showed that one Bush being the owner of the property involved in the controversy, executed a mortgage thereon to the defendant on July 18, 1894, which mortgage was duly recorded the following day. Subsequently Bush sold the property to one Thomas for a valuable consideration; Thomas sold the property to one Brock; Brock sold the property to one Noblet, and Noblet sold the property to the plaintiff. None of the several purchasers had any actual notice of the existence of the mortgage upon the property to the defendant. There being default in the payment of the mortgage, the defendant took possession and sold it under the power contained in the mortgage, at which sale he became the purchaser thereof. Upon these facts the court, at the request of the defendant, gave the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

[Chadwick v. Russell.]

O. D. STREET,· for appellant, cited Jones on Chattel Mortgages, § 176; *McCormack v. Joseph*, 77 Ala. 236; *Spira v. Hornthall*, 77 Ala. 137.

DAVIS & HARALSON, *contra*.—The registration of the mortgage was notice to all subsequent purchasers of the mortgagor and his vendees.—Code of 1886, §§ 1797, 1806; *O'Neal v. Seixas*, 85 Ala. 80.

McCLELLAN, J.—A plausible, if not a forcible, argument can be made and has been made in this case for a difference between the registration of a mortgage of realty and one of personalty in respect of constructive notice to sub-purchasers under the mortgagor; the insistence being that the record should be, as it is, notice to all sub-purchasers of real estate, but should not be notice to any except the immediate purchasers of· personalty; but we think the argument should ·be addressed to the legislature and not to the courts. Under the law as written we see no room for the distinction. Section 1814 of the Code of 1886 (Code of 1896, § 1009), relative to the registration of conveyances of personalty affords no ground upon which to give it a different construction in respect of the parties affected by notice, from that which is established of section 1810 of Code of 1886 (Code of 1896, § 1005), as to the registration of conveyances of real estate in the particular under consideration. The construction so established of section 1810 of Code of 1886 (Code of 1896, § 1005) is that the registration referred to in it is notice to all the world of the lien of the mortgage.—*O'Neil v. Seixas*, 85 Ala. 80. And so we hold as to the registration referred to in section 1814 of Code of 1886 (Code of 1896, § 1009). Such has been the understanding of the profession and the public, and we do not feel justified in adopting a different view.

Affirmed.