# Williams *v.* Vining.

*Detinue.*

(Decided April 20, 1907.   43 So. Rep. 744.)

1. *Detinue: Jury Question.*—Where there was no evidence that W. W. W. the plaintiff, was the same person as W. H. W., the mortgagee, except the testimony that the mule was the same mule conveyed in the mortgage, it was for the jury to determine whether the plaintiff and mortgagee were the same person.

2. *Same.*—Whether the mortgagor authorized his son to take the mule to another county and trade it, ratified the act by keeping the horse given in exchange for it, was a question for the jury to determine.

3. *Chattel Mortgages; Record; Notice; Sub-purchasers.*—Construing together sections 991, 999, and 1009, Code 1896, it is held that a failure to record a mortgage on personal property which has been removed to another county within three months after the removal in such county operates not only in favor of immediate purchasers but sub-purchasers as well.

APPEAL from Bibb Circuit Court.
Heard before Hon. B. M. MILLER.

Action by W. W. Williams against S. J. Vining. Judgment for defendant, and plaintiff appeals. Reversed.

J. T. ELLISON, and DANIEL COLLIER, for appellant.—The court clearly erred in giving the general affirmative charge for defendant. The legal title cannot be conveyed to a grantee where there is no such title in the grantor.—*Calhoun v. Thompson*, 56 Ala. 171. It was him to do a useless thing and record his mortgage in Bibb county since Seales had already bought the property in Tuscaloosa county, and notice to Seales would have been constructive notice to subpurchasers.—*Chadwick v. Russell*, 117 Ala. 291; *Wilkerson v. King*, 81 Ala. 156; *Malone v. Bedsole*, 93 Ala. 41. No person except

Williams v. Vining.

creditors of a bona fide purchase from the grantor in the mortgage are protected by section 1009, Code 1896.— *Jones v. The State,* 113 Ala. 99; Sec. 999, Code 1896.

LOGAN, VANDERGRAAFF & FULLER. for appellee.—If the agent exceeds his authority the injury cannot be visited on the principal unless he ratifies the act.—*Calhoun v. Thompson,* 56 Ala. 171. The record of the mortgage in Tuscaloosa county lost its effect upon Seales on plaintiff's failure to record the mortgage in Bibb county within three months after the removal of the mule to Bibb county.—*Wilkinson v. King,* 81 Ala. 158. The other authorities cited by appellant have no reasonable application to the case in hand.

SIMPSON, J.—This was an action of detinue by the appellant, W. W. Williams, against the appellee, S. J. Vining, for one mule. The plaintiff introduced in evidence a mortgage, dated January 4, 1895, from M. M. Williams to W. H. Williams, which was recorded in Tuscaloosa county June 18, 1902. The evidence shows that in the latter part of December, 1903, a son of M. M. Williams, who lived with his father, went over into Bibb county and traded the mule to one Seals for a horse and $10; that the son took the horse, which he had received in exchange for the mule, back to Tuscaloosa county; that he lived with his father in Tuscaloosa county; and that the father is now dead. It is also shown that the mortgagee knew of the mule having been carried to Bibb county, three weeks after it was taken there. The mortgage was never recorded in Bibb county, and the mule has remained in that county, passing through successive hands until it was bought by the defendant, without any actual notice of the mortgage, on August 4, 1904. The error assigned is the giving of the general affirmative charge in favor of the defendant.

There was no proof that W. W. Williams, the plaintiff, was the same person as W. H. Williams, the mortgagee, unless it be the expression in the testimony of the witness Morrison "that this was the same mule conveyed in said mortgage to plaintiff." The giving of the gen-

eral charge in favor of the defendant was error. It was a matter for the jury to consider, under all the facts, whether W. W. Williams and W. H. Williams were one and the same person.

We think, also, that it was a matter for the jury to consider whether M. M. Williams, the father, either authorized the son to take the mule to Bibb county to trade it, or ratified the act after it was done, which would be presumed if the horse was taken back to his home, and kept by him, in exchange for the mule. In either event, the trading of the mule would have had the same result as if traded by him. Then, if the mule was traded with the consent of the father, or the trade was acquiesced in by him, the question arises whether or not the defendant was an innocent purchaser and protected by the statute. Section 991 of the Code of 1896 provides that "the recording in the proper office  *  *  *  operates as a notice." Section 999 provides that, "if before the lien is satisfied the property is removed to another county, the conveyance must be again recorded within three months from such removal, in the county to which it is removed." So it is clear that the "proper office" in which a mortgage should be recorded, after it has been removed to another county, is in that county. Then section 1009 of the Code provides that, "if such property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within three months to operate as constructive notice as against creditors or purchasers of the grantor without notice."

We think it would be too narrow a construction of this section to hold that it referred only to the immediate purchaser of the grantor, and not to a subsequent purchaser. The question of the construction of this section came before this court in a case in which it was contended that, owing to the wording of this section being different from that of section 1005, a record of a mortgage of personalty was not notice to subpurchasers as it is in a mortgage of realty; but this court held that this section "affords no ground upon which to give it a different construction in respect to the parties affected by

notice."—*Chadwick v. Russell*, 117 Ala. 290, 23 South. 524. The converse of the proposition is equally true, to-wit, that the failure to record operates equally in favor of both immediate purchasers and all subpurchasers. As the defendant purchased the mule more than three months after it was removed into Bibb county, without notice of the mortgage, he would be an innocent purchaser.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.