[Argo v. Sylacauga Mercantile Co.]

# Argo *v.* Sylacauga Mercantile Co.

## *Trover and Conversion.*

(Decided April 6, 1915. 68 South. 534.)

1. *Mortgages; Record; Removal to Another County; Record.*— Under sections 3373 and 3376, Code 1907, a chattel mortgage recorded in the county of the residence of the mortgagor, where the property mortgaged was situated at the time of execution, operated as constructive notice of the lien of the mortgage while the chattel remained in such county, and for three months after its removal into another county.

2. *Judgment; Res Judicata; Plea.*—Where the action was for the conversion of a mortgaged chattel, and the complaint showed that a third person claimed the property under the defendant, a plea that such third person recovered from plaintiff for taking of the chattel was subject to demurrer, as pleading res judicata, as to title in the defendant, since the averment of a plea must be certain, precise, and such as necessarily to exclude all defenses which may be supposed inconsistent therewith. While the plea in question did not expressly negative the fact that such third person might have been a purchaser of the chattel from defendant, more than three months after the removal of such chattel from the county where the mortgage was first recorded, and so did not set up an adjudication that defendant had title.

3. *Trover and Conversion; Mortgage; Sale; Loan of Purchase Money.*—A defendant cannot be made liable in trover for the conversion of a mortgaged chattel who merely loaned the money wherewith the purchase was made, and acquired no title in or control over such chattel.

4. *Same.*—Where a person purchased mortgaged chattel by an agent, or acquired an interested in the chattel by paying to the seller the purchase money, such person was liable for a conversion, irrespective of whether or not he took physical possession of the chattel; it not being essential to a conversion that the converter should have had complete manucaption of the property, as any intermeddling with or dominion exercised over, the property of another by such person alone, or in connevtion with another, amounting to a denial of the owner's right, is a conversion.

5. *Same; Jury Question.*—The evidence examined and held sufficient to take to the jury the question whether furnishing of the money by defendant to his tenant to purchase the mortgaged chattel was a mere loan, or was of such a nature as to vest in the defendant a proprietary interest in the chattel, when bought.

6. *Same; Identity of Property.*—The identity of the chattel in controversy with the chattel covered by the mortgage was a question for the jury in this case.

[Argo v. Sylacauga Mercantile Co.]

7. *Same; Evidence.*—In trover for the conversion of a mortgaged chattel, the mortgage itself was admissible in evidence.

8. *Same; Satisfaction of Mortgage.*—In trover for the conversion of a mortgaged chattel, it was proper to permit the defendant to show that the mortgage had been paid or satisfied, as the satisfaction of the debt would have destroyed title in the mortgagee.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER

Action by the Sylacauga Mercantile Company against Robert Argo. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint contained two counts, both of which claim for the conversion of a red mule. The fourth plea is that J. J. Sprayberry was a privy to this defendant in the possession of the mule involved in this suit, succeeded defendant in possession, and obtained possession of said mule from this defendant, and defendant avers that plaintiff took possession of said mule from said Sprayberry without his consent, and that Sprayberry brought his suit in the circuit court of Coosa county at Goodwater against these plaintiffs for the conversion of said mule, and that the title of said mule was involved in said suit (a copy of the summons, complaint, and judgment is made an exhibit) and said suit resulting in a judgment in favor of the said Sprayberry, thereby determining and settling the title to said mule to be in said Sprayberry, defendant's privy, and defendant pleads such judgment and suit as estoppel against this plaintiff from claiming title to said mule, and defendant avers that all the right, title, and interest plaintiff had in said mule was acquired prior to the bringing of the said suit by Sprayberry.

STATEMENT OF FACTS BY THE COURT.

Action of trover by appellee against the appellant for the conversion of a mule. On January 17, 1908, D. H.

Hazel and J. L. Mann executed to the Sylacauga Mercantile Company a mortgage embracing, among other property, "one red horse mule about nine years old, named Henry." This mule was one of two mules sold by Mann to Hazel a short time before the execution of the mortgage. There was evidence tending to show that there was a balance due on this mortgage for goods furnished to Mann and Hazel by appellee during the year 1908, and the evidence showed that, about the 26th day of September, 1908, Hazel traded one of the mules, which he produced from Mann, to W. B. Abrams, in Talladega county; that shortly thereafter Abrams carried the mule into Coosa county and traded it to Charlie Grimes, and there was evidence, at least by one witness, that the mule traded by Abrams to Grimes was not the mule which Abrams obtained from Hazel. Ed Sprayberry was a tenant of the appellant, and by arrangement between appellant and Sprayberry, Sprayberry purchased a mule from Grimes, which some of the witnesses described as a "light bay mule" and others as a "brown mule or a reddish-brown mule." After Sprayberry had arranged to purchase the mule and it had been delivered to him, the appellant paid Grimes for the mule. The appellant contended that the contract between him and Ed Sprayberry was merely a loan of $85 to pay for the mule; that he acquired no interest whatever in the mule itself. The transaction between Grimes and Ed Sprayberry took place about one month and a half before Christmas of 1908. After the purchase of the mule by Ed Sprayberry from Grimes, Sprayberry, who was engaged in farming as tenant of appellant, made arrangements with appellant to let his uncle, John Sprayberry, have the mule and assume the payment of the indebtedness. The transaction was closed between appellant and John Sprayberry, appellant taking John Sprayber-

ry's note for the amount of the purchase money. This transaction between John Sprayberry and the appellant occurred about January 8, 1909, after the expiration of three months from the time Abrams brought the mule into Coosa county. The mortgage was never recorded in Coosa county, and the contention of appellee is that appellant was the purchaser of the mule, and that Ed Sprayberry was an agent of the appellant. The defendant's fourth plea sets up as an estoppel against the plaintiff's right to maintain this action the judgment of the circuit court of Coosa county in an action of trespass brought by John Sprayberry against the appellee. The trial court sustained a demurrer to this plea, assigning, among other grounds, one in substance that the fact that Sprayberry recovered a judgment against the plaintiff for damages for wrongfully taking the mule does not show that defendant was not guilty of a conversion of the mule before he sold it to John Sprayberry.

RIDDLE, ELLIS & RIDDLE, for appellant. The court erred in sustaining demurrers to plea 4.—*Tobias v. Morris*, 126 Ala. 535; *Goetter v. Norman*, 107 Ala. 585. Counsel discuss exceptions to the court's ruling on the evidence, but they cite no further authority.

GEORGE A. SORRELL, for appellee. No brief reached the Reporter.

BROWN, J.—The recordation of the mortgage executed by Hazel to appellee in the county of the mortgagor's residence, and in which the property was situated at the time of its execution, operated as constructive notice to all persons of its contents and of the lien or title of the appellee thereunder to the property covered by the mortgage, while it remained in Talladega county, and, if property covered by the mortgage was removed from

Talladega into Coosa county, for three months after its removal into Coosa county.—Code 1907, §§ 3373, 3376; *Chadwick v. Russell,* 117 Ala. 290, 23 South. 524; *Williams v. Vining,* 150 Ala. 482, 43 South. 744; *Stickney v. Dunaway & Lambert,* 169 Ala. 466, 53 South. 770.

A purchaser of the property within the three-month period after its removal would therefore take subject to the rights of the mortgagee, the Sylacauga Mercantile Company.—*Malone v. Bedsole,* 93 Ala. 41, 9 South. 520; *Pollak v. Davidson,* 87 Ala. 551, 6 South. 312; *Wilkinson v. King,* 81 Ala. 156, 8 South. 189; *Pulaski Mule Co. v. Haley & Koonce,* 187 Ala. 533, 65 South. 783.

Under these principles, John Sprayberry, who the fourth plea alleges claimed under the defendant, in so far as that plea shows, may have become a purchaser of the property from defendant after the expiration of three months from the removal of the property into Coosa county, the mortgage under which plaintiff claims having never been recorded in that county, and therefore protected as an innocent purchaser without notice. "The averments of a plea must be certain, precise, and such as are necessary to avoid all ambiguity of meaning and exclude all intendments. * * * If we allow the averment to be true, but at the same time a case may be supposed consistent with it which would render the averment inoperative as a full defense, such a case will be presumed or intended, unless excluded by particular averments."—*Scharfenburg v. Town of New Decatur,* 155 Ala. 655, 47 South. 95. The fourth plea did not exclude the idea that John Sprayberry was an innocent purchaser as against appelle's rights on the theory above stated, and it was subject to the demurrer which the court correctly sustained to it.

If, as contended by appellant, the transaction between appellant and Ed Sprayberry was a mere loan of money

to Sprayberry to enable him to purchase the mule from Grimes, and the appellant had no connection with the purchase of the mule other than this, and acquired no interest or title in the mule or control over it, he would not be liable as for a conversion of the mule, and the plaintiff would not be entitled to recover. On the other hand, if the appellant through Sprayberry as his agent purchased the mule from Grimes, or by the transaction between Ed Sprayberry and Grimes the appellant acquired an interest in the mule by paying to Grimes the purchase money therefor, as some of the evidence tended to show, he would be guilty of a conversion and liabile in an action of trover, provided plaintiff's mortgage covered the mule in controversy. "It is not essential to a conversion which will support the action of trover that the defendant should have the complete manucaption of the property. An intermeddling with, or dominion over the property of another, whether by the defendant alone, or in connection with others, which is subversive of the dominion of the true owner, and in denial of his rights, is a conversion."—*Bolling v. Kirby & Bro.,* 90 Ala. 221, 7 South. 914, 24 Am. St. Rep. 789; *Boutwell v. Parker,* 124 Ala. 343, 27 South. 309; *Cartlidge v. Sloan,* 124 Ala. 602, 26 South. 918. Under the evidence in the case, it was a question for the jury whether the transaction between Ed Sprayberry and the appellant was a mere loan or whether appellant was in some way interested in the purchase of the mule, and for this reason the court committed reversible error in giving the affirmative charge in favor of the plaintiff.—*Pantaze v. West,* 7 Ala. App. 599, 61 South. 42.

It was also for the jury to determine whether or not the mule in controversy was the same as that described in the mortgage.—*Stickney v. Dunaway & Lambert,* 169 Ala. 466, 53 South. 770; *Williams v. Vining,* 150 Ala.

482, 43 South. 744; *Smith v. Fields,* 79 Ala. 336.   On the authority of the two last-cited cases, the mortgage was properly admitted in evidence, in connection with the other evidence in the case.

The defendant had a right to show, if he could, that the mortgage debt to the plaintiff had been satisfied. The satisfaction of the debt would have effect to destroy the plaintiff's title under the morgage.—Code 1907, § 4899; *Karter v. Fields,* 130 Ala. 430, 30 South. 504.   And the court erred in sustaining the plaintiff's objection to the question asked the witness Mann as to whether or not there was any balance due on the mortgage.

For the errors above pointed out, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.