# Dunaway & Lambert, *et al. v.* Stickney.

## *Detinue.*

(Decided June 30, 1915.　Rehearing denied July 19, 1915.
69 South. 232.)

1. *Detinue; Identity of Property; Jury Question.*—Where the action was detinue for a mule by a purchaser from the mortgagor against the mortgagee, the question of the identity of the mule purchased with that of the mule covered by the mortgage, was for the jury.

2. *Same; Evidence.*—In such a case, the mortgage was admissible in evidence.

3. *Charge of Court; Assuming Facts.*—A charge which assumes as a fact a matter about which there is controversy in the evidence, is properly refused.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Dunaway & Lambert and others against Joseph B. Stickney. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

For former report of this case, see 169 Ala. 464, 53 South. 770.

Plaintiffs claim the mule under purchase from one Will Hinton, and the defendant claims under a mortgage covering a sorrel mule colt named Traveller. The contention was one of fact as to the identity of the mule purchased with that mortgaged.

The following were some of the charges given for the defendant: (2) It was the duty of the plaintiff, before buying the mule in question, to make inquiry as to whether it was the same mule mortgaged to Stickney in the mortgage offered in evidence, and if such inquiry, had it been made, would have disclosed that it was the same mule, plaintiffs are not entitled to recover, and the verdict should be for the defendant.

(3) It is immaterial whether the color of the mule in question is bay or sorrel, if you believe that the plaintiffs would have found out, if they had made inquiry, that it was the mule mortgaged by Hinton to Stickney.

(4) If you are reasonably satisfied from the evidence that, at the time Hinton gave the mortgage to Stickney, the mule in question was sorrel in color, you must return a verdict for the defendant.

(5) The sole question for your determination in this case is whether the plaintiffs would have found out, if they had made inquiry, that the mule in question was the same mule mortgaged by Hinton to Stickney. If you find that inquiry by them would have disclosed such to be the fact, your verdict must be for the defendant.

[Dunaway & Lambert, et al. v. Stickney.]

(6) Under the evidence in this case, it was the duty of the plaintiff, whether the mule in question was sorrel or bay, to make inquiry as to whether it was the same mule covered by defendant's mortgage; and if you believe that, if they had made such inquiry, they would have found it to be the same mule upon which defendant had a mortgage, you must return a verdict for the defendant.

THOMAS E. KNIGHT, and A. M. TUNSTALL, for appellant.

R. B. EVINS, for appellee.

BROWN, J.—The evidence shows without dispute that the plaintiffs purchased the mule in controversy from Will Hinton in May, 1907; that it was the only mule Hinton owned during that year; that at the time of the trial this mule was a bay mule with black legs. The mule described in the mortgage under which the defendant claims is "one sorrel mule colt, Traveller," and the evidence tended to show that the mule purchased by plaintiffs was of a sorrel color in the early part of the year 1907, and that its color had changed to a bay color, that it was named Traveller; but there is no positive evidence that the mule in controversy is the identical mule Hinton mortgaged to the defendant. The defendant testified himself he did not see the mule on which he took a mortgage, and that he never saw the mule in controversy until it was taken from the plaintiffs and delivered to him by the deputy sheriff.

(1, 2) While this evidence strongly tends to show that the mule in controversy is the same mule that Hinton mortgaged to the defendant, yet its identity with the mule covered by the mortgage rests in inference to be drawn by the jury from the fact that Hinton only

owned one mule, and the name of that mule was Traveller, and the other facts and circumstances in the case. —*Stickney v. Dunaway & Lambert,* 169 Ala. 464, 53 South. 770; *Pantaze v. West,* 7 Ala. App. 599, 61 South. 42; *Argo v. Sylacauga Mercantile Co.,* 12 Ala. App. 442, 68 South. 534. Under the ruling of the Supreme Court on the former appeal, the mortgage was properly admitted in evidence.

(3) Charge 2, 3, 4, 5, and 6 invade the province of the jury, in that they assume that the mule in controversy was the mule upon which Hinton gave a mortgage to the defendant. For the errors committed in giving these charges, the judgment is reversed, and the cause remanded.

Reversed and remanded.