(77 South. 985)

HOWZE v. POWERS et al.    (2 Div. 174.)

(Court of Appeals of Alabama.   Feb. 5, 1918.)

1. PLEADING ⟊18—UNCERTAINTY—DETINUE AGAINST WIFE.

In an action of detinue against husband and wife, the wife's fourth plea was that defendant, who disclaims possession of the automobile described in the complaint, as a further plea in this behalf says that the present suit is based upon a certain alleged mortgage executed on the automobile and other property described in the complaint by defendant's husband, who bought the automobile from plaintiff, and defendant avers that all the property described in the complaint, except the automobile, is her property, and that she is not the purchaser of the automobile, that the consideration of the mortgage was the purchase price of the automobile, and that her property described in the complaint was pledged by her husband as security for his debt. Held, that the plea, construed most strongly against the pleader, was lacking the certainty required, and was subject to demurrer in that it did not deny that the automobile was purchased for or on account of defendant wife by her husband.

2. DETINUE ⟊8 — REPLEVIN BOND — ESTOPPEL TO DENY POSSESSION OF PROPERTY.

A defendant who executed a replevin bond in an action of detinue is estopped to deny that he was in possession of the property at institution of suit; such estoppel being limited to defendant's possession of the property, and not precluding a showing that he had a title superior to plaintiff's.

3. APPEAL AND ERROR ⟊1078(1)—WAIVER OF ERROR.

Assignments not insisted upon in the brief will be treated as waived.

4. APPEAL AND ERROR ⟊907(3)—REVIEW—ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION.

In the absence of bill of exceptions, the Court of Appeals must assume that a conclusion of fact on which alone the judgment can be supported was clearly sustained by the evidence.

Appeal from Law and Equity Court, Hale County; Charles E. Waller, Judge.

Action of detinue by J. R. Howze against Mrs. E. B. Powers and another. From a judgment for defendants, plaintiff appeals. Affirmed.

The fourth plea of defendant is as follows:

Defendant Mrs. E. B. Powers, who disclaims possession of the automobile described in the complaint, as a further plea in this behalf says that the present suit is based upon a certain alleged mortgage which was executed upon the automobile described in the complaint, and upon the other property therein described by E. B. Powers, who is the husband of this defendant, and who bought said automobile from plaintiff, and defendant avers that all the property described in the complaint except the automobile is the property of this defendant, and that defendant is not the purchaser of said automobile, and this defendant further avers that the consideration of said mortgage was the purchase price of said automobile, and that this defendant's said property described in the complaint was pledged by said E. B. Powers as security for the debt of the said E. B. Powers.

McDaniel & Whitfield, of Demopolis, and Evins & Jacks, of Greensboro, for appellant. Thomas E. Knight, of Greensboro, and Edward de Graffenried, of Tuscaloosa, for appellees.

BROWN, P. J. The defendant Mrs. E. B. Powers, without pleading the general issue, filed four special pleas, all setting up facts in negation of plaintiff's title, all of which might well have been presented under the general issue. Barrett v. City of Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54. To these pleas, after demurrer overruled, the plaintiff filed a general replication and two special replications. The only assignments of error insisted upon in brief relate to the ruling of the court on the demurrer to the fourth plea of this defendant, and the sustaining of the demurrers to the special replications. The fourth plea does not disclaim title to the automobile in question, but disclaims possession on the part of the defendant Mrs. E. B. Powers, and undertakes to set up a state of facts showing that the other property to which she asserts title was pledged as a security for her husband's debt, and therefore, void, under the provisions of section 4497 of the Code of 1907.

[1] The plea, however, when construed most strongly against the pleader, is lacking in that degree of certainty required, and was subject to the third ground of demurrer, "That said plea does not deny that said automobile was purchased for or on account of said defendant." "The averments of a plea must be certain, precise, and such as are necessary to avoid all ambiguity of meaning and exclude all intendments. * * * If we allow the averment to be true, but at the same time a case may be supposed consistent with it which would render the averment inoperative as a full defense, such a case will be presumed or intended, unless excluded by particular averments." Sharfenburg v. Decatur, 155 Ala. 651, 47 South. 95; Argo v. Sylacauga Merc. Co., 12 Ala. App. 442, 68 South. 534.

[2] It is well settled that a defendant who executes a replevin bond in an action of detinue is thereby estopped to deny that he was in possession of the property at the time of the institution of the suit. Savage v. Russell, 84 Ala. 103, 4 South. 235; Person v. Thornton, 86 Ala. 308, 5 South. 470. Therefore the plaintiff's replication 2 was an answer to pleas 1, 2, and 4, in so far as these pleas disclaimed possession of the property, and while the estoppel is limited to the defendant's possession of the property, and will not preclude a showing that the defendant had a title superior to that of the plaintiff, the demurrers do not take this point, and should have been overruled. Section 5340 of the Code.

[3] This disposes of all the assignments insisted upon in brief. The others will be treated as waived. The defendant E. B. Pow-

ers interposed the general issue, and the defendant Mrs. E. B. Powers a plea of disclaimer as to the automobile, and both defendants filed pleas setting up fraud and deceit in the sale of the automobile. There was a general verdict for the defendants, followed by a judgment of the court thereon, and from this judgment plaintiff appeals on the record without a bill of exceptions. From an examination of this record, if the plaintiff was otherwise entitled to recover, it is clear that the only theory upon which the jury could have reached the conclusion announced in their verdict, in view of the plea of disclaimer filed by the defendant Mrs. E. B. Powers, is that the evidence sustained the plea of fraud. Unless this plea was sustained, the plaintiff was entitled to recover at least the automobile. Acts 1911, p. 33, § 2.

[4] This being the state of the record, in the absence of a bill of exceptions, we must assume that this conclusion was clearly sustained by the evidence, and it follows that the rulings of the court on the demurrers above considered were without injury to the appellant, and the judgment must be affirmed.

Affirmed.