## GILLILAND v. ORDER OF RY. CONDUCTORS OF AMERICA. (6 Div. 835.)

Supreme Court of Alabama.    March 24, 1927.

**1. Insurance ⬤⇒629(1), 815(1)—Complaint prescribed for actions on life policies held inapplicable to suits on accident and mutual benefit contracts (Code 1923, § 9531).**

Form of complaint prescribed by Code 1923, § 9531, for actions on life insurance policies, *held* not applicable to suits on accident and mutual benefit contracts.

**2. Insurance ⬤⇒815(1)—Absence of averment that accident causing death was within period covered by mutual benefit insurance contract rendered count demurrable.**

Absence of an averment in complaint on mutual benefit insurance contract showing that accident causing death was within period covered by contract rendered such count subject to demurrer.

**3. Appeal and error ⬤⇒1040(4)—Error in sustaining demurrers to certain counts when other counts covered every phase of case held harmless.**

Any error in sustaining demurrers to certain counts of complaint was harmless, where other counts on which case was submitted to jury were sufficient to cover every phase of case which evidence in any way tended to support.

**4. Insurance ⬤⇒815(2)—Insurer's plea seeking recovery of payments for disabilities, inferentially alleging falsity of claimant's statement of being blind and unable to work, held uncertain.**

In action on mutual benefit insurance contract, plea by defendant seeking a set-off against plaintiff's demand for alleged payment to plaintiff's intestate on a claim for disabilities, alleging falsity of statement that such intestate was blind and unable to work, which falsity appears only inferentially from further averment that intestate was able thereafter to work, *held* defective, as uncertain.

**5. Pleading ⬤⇒18, 19—Averments of plea must be certain, precise, and avoid ambiguity of meaning.**

Averments of a plea must be certain, precise, and such as are necessary to avoid all ambiguity of meaning and exclude all intendments.

**6. Insurance ⬤⇒601, 798—Insurer cannot recover money paid under proof of loss containing innocent misrepresentation of fact insufficient to avoid recovery on policy (Code 1923, § 8507).**

Where misrepresentation of fact by assured in his proof of loss is not sufficient to avoid recovery on the policy, under Code 1923, § 8507, because innocently made, money paid on such proof of loss may not be recovered back by insurer as money paid under mistake of fact.

**7. Insurance ⬤⇒815(2)—Insurer, to set off money paid under proof of loss containing misrepresentation of fact, must plead fraud necessary to defeat recovery on policy (Code 1923, § 8507).**

Where insurer, in action on mutual benefit insurance contract, seeks to recover money paid under proof of loss containing misrepresentation of fact, as set off against plaintiff's demand, it must show by its plea the same character of fraud necessary under Code 1923, § 8507, to defeat recovery on policy under which money was paid.

**8. Set-off and counterclaim ⬤⇒42—Joint defendants may set off individual claim.**

Defendants, sued jointly on a joint liability, may set off an individual claim due one of them from plaintiff.

**9. Insurance ⬤⇒815(2)—Insurer, pleading payment of weekly indemnity in mitigation of damages, must show by plea sum was subject to reduction by such payments under contract.**

Where insurer under plea in confession and avoidance, in action on mutual benefit insurance contract, sought to recover payments of indemnity in mitigation of damages, it had burden of showing by his plea that under provisions of contract sum claimed was subject to abatement or reduction by payments of weekly indemnity.

**10. Insurance ⬤⇒146(3), 726—Contract of insurance, susceptible to two constructions, will be construed favorably to insured.**

When a contract of insurance is susceptible to two constructions, the one most favorable to insured will be adopted.

**11. Insurance ⬤⇒787—Instruction precluding recovery under mutual benefit contract for loss of eye if insured was almost blind till time of death held proper.**

In action on mutual benefit insurance contract, instruction that recovery could not be had for loss of eye, where insured was almost blind and eyes continued in such general condition till death, *held* proper.

**12. Insurance ⬤⇒787—Instruction that injury causing loss of useful vision only would not authorize recovery for loss of eye held proper.**

In action on mutual benefit insurance contract, instruction that injury to eye merely causing loss of useful vision, without causing irrevocable loss of entire sight, would not authorize recovery for loss of eye, *held* proper.

**13. Insurance ⬤⇒787—Instruction that, if insured could see with magnifying glass after injury, he could not recover for loss of eye, held proper.**

Instruction, in action on mutual benefit insurance contract, forbidding recovery for loss of eye, if insured could see with his eyes after injury by use of magnifying glass just as he could before injury, *held* proper.

**14. Insurance ⬤⇒787—Instruction that recovery could not be had for loss of eye, if due to old age or disease, held proper.**

In action on mutual benefit insurance contract, instruction that recovery could not be had for loss of eye, if eye trouble was due to old age or disease, and not to accident, *held* proper.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. G. Gilliland, as executor of the will of B. F. Turner, deceased, against the Order of Railway Conductors of America. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Plea 7 is as follows:

(7) Defendant says that the weekly indemnity under the terms of the certificate of insurance was for a period of 52 weeks or any portion thereof, and defendant avers that prior to this date it has paid on said certificate of insurance for weekly indemnity the sum of $503.57, and defendant pleads said payment in mitigation of damages."

These charges were given at defendant's request:

"A. I charge you, gentlemen, that, if you believe from the evidence in this case that Mr. Turner was almost blind February 10, 1923, and that his eyes continued in that general condition thereafter till he died, without material change, then, gentlemen, you cannot find a verdict for plaintiff for the loss of an eye."

"D. The court charges the jury that an injury to the eye which merely caused the loss of the useful vision, without causing the irrevocable loss of the entire sight thereof, would not authorize a recovery for the loss of an eye in this case."

"(5) I charge you, gentlemen of the jury, that, if you believe from the evidence in this case that after the alleged injury Mr. Turner could continuously thereafter see with his eyes, by the use of a magnifying glass, just as he could prior to the injury, then, gentlemen, you cannot find a verdict for the plaintiff for the loss of an eye."

"(3) Gentlemen of the jury, if you believe from the evidence in this case that plaintiff's intestate's eye trouble was due to old age or to a disease, and not to any accident, then you cannot find for plaintiff."

"C. I charge you, gentlemen of the jury, that if you believe from the evidence in this case that plaintiff's intestate lost his eye, if at all, from cataract and old age, and not from an accident, then, gentlemen, you cannot find a verdict for plaintiff for loss of an eye."

Harsh & Harsh, of Birmingham, for appellant.

Pleas of set-off, averring fraud, should have contained the averment that the false statements were made with intent to deceive, that they related to matters material to the risk, and were relied on by the insurer. Amer. Nat. Ins. Co. v. Wright, 205 Ala. 186, 87 So. 577; Empire L. I. Co. v. Gee, 171 Ala. 435, 55 So. 166; Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 470; W. O. W. v. Hutchinson, 214 Ala. 540, 108 So. 520; Heralds of Liberty v. Collins, ante p. 1, 110 So. 283. Mere innocently made misrepresentations are not sufficient to defeat the right of an insured. Code 1923, § 8507; Acts 1919, 118. It is sufficient, in pleading a contract of insurance in a benefit society, to set up the legal effect of the contract. George v. Roberts, 186 Ala. 521, 65 So. 345. It is error to give requested charges which exclude from the consideration of the jury one theory of plaintiff's case. Sov. Camp v. Bass, 207 Ala. 558, 93 So. 537.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

Code 1923, § 8507, is applicable only in cases where fraud is made the basis to avoid a contract of insurance or prevent its attaching. Legal fraud can be made the basis of a counter action to recover money obtained thereby. Code 1923, § 8049; Hafer v. Cole, 176 Ala. 242, 57 So. 757; Brown v. Freeman, 79 Ala. 406; Foster v. Kennedy, 38 Ala. 359, 81 Am. Dec. 56. Where the issues are fairly presented by the court in his charge, error, if any, in rulings on pleading, will be cured. Vance v. Morgan, 198 Ala. 150, 73 So. 406; Birmingham So. R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 341; Best Park & Am. Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929. Sustaining demurrers to counts which present the same issues as others remaining in is error without injury. L. & N. v. York, 128 Ala. 305, 30 So. 676.

BROWN, J. This is an action on a mutual benefit insurance contract, insuring the plaintiff's intestate against death and disabilities arising from accident. The trial resulted in a judgment for the plaintiff, from which he appeals.

[1, 2] The form of complaint prescribed by section 9531 of the Code (form 12), for actions on life insurance policies, has been held not applicable to suits on accident and mutual benefit contracts. United States Health & Accident Co. v. Veitch, 161 Ala. 630, 50 So. 95; Locomotive Engineers' Mutual Life & Accident Ass'n v. Hughes, 201 Ala. 58, 77 So. 352. And the absence of an averment in the first count of the complaint, showing that the accident causing death was within the period covered by the contract, rendered that count subject to the objection pointed out in some of the grounds of demurrer. Locomotive Engineers' Mutual Life & Accident Ass'n v. Hughes, supra.

[3] If it should be conceded that error was committed by the court in sustaining the defendant's demurrers to counts 3 and 6 of the complaint, yet it is clear on the whole case, as here presented, that the other counts in the case on which it was submitted to the jury were sufficient to cover every phase of the case which the evidence in any way tended to support, and, if errors were committed by the court in these rulings, they were errors without injury. Going v. American Steel & Wire Co., 141 Ala. 537, 37 So. 784.

The defendant's pleas 4, 5, and 6 sought to set off, against the demand of the plaintiff, a debt arising from an alleged payment of money to the plaintiff's intestate, on a claim for disabilities under a contract of insur-

ance, through mistake of fact superinduced by fraudulent misrepresentation of the fact, made "willfully to deceive," or made by "mistake and innocently." These pleas, in common with the other pleas filed, are joined in by both defendants, the caption or address preceding the several pleas being in these words:

"Comes the *defendant* in the above-styled cause, separately and severally, and for plea and answer to complaint in said cause filed, and each count thereof, separately and severally say: * * *

"(4) The defendant, as a defense to the action of the plaintiff, say that at the time said action was commenced the plaintiff's intestate was indebted to *it* in the sum of $1,994, with interest thereon from, to wit, the 10th day of May, 1923, which sum of money, with interest thereon, is due and unpaid, and *defendant* avers that the indebtedness so owing by intestate was for money paid to said intestate on a claim to *this defendant* in words and figures as set out in Exhibit A, which is by reference made a part of this plea, and defendant avers that said *statement* was made willfully to deceive and was acted upon by *defendant*, and defendant paid to said intestate $1,994, and defendant avers said *statement* was a misrepresentation of a material fact in this case, that plaintiff's intestate swore that he was then, on, to wit, February 10, 1923, '*practically blind and unable to perform any work whatever, cannot get about without aid and assistance from others*,' and defendant avers that for a long time after said date plaintiff's intestate was able to work and did work," etc.

Plea 5 adopts the quoted averments of plea 4, and adds thereto the following:

"And defendant avers that it has heretofore paid to said plaintiff's intestate the sum of $417.86 and $86.71, and *defendant* avers that said payments were previous payments *made on said policy* sued on, the total amount of which is claimed in plaintiff's complaint," etc.

Plea 6 adopts all of plea 5, except that it substitutes the words "made by mistake and innocently" for the words "made willfully to deceive."

[4, 5] While it may be said that plea 4 was not carefully drawn, we are of the opinion that it appears with certainty to a common intent, when its averments are considered as a whole, that it was the pleader's purpose to ground the defendant's right to recover back the money paid to plaintiff's intestate on the falsity of the quoted statement that said intestate was *practically blind and unable to perform any work whatever, cannot get about without aid and assistance from others*," but its falsity does not appear, except inferentially from the further averment "that for a long time after said date plaintiff's intestate was able to work and did work." This does not meet the rule of good pleading which requires that "the averments of a plea must be certain, precise, and such as are necessary to avoid all ambiguity of

meaning and exclude all intendments. * * * If we allow the averment to be true, but at the same time a case may be supposed consistent with it, which would render the averment inoperative as a full defense, such a case will be presumed or intended, unless excluded by particular averment." Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95; Argo v. Sylacauga Mercantile Co., 12 Ala. App. 442, 68 So. 534; Howze v. Powers et al., 16 Ala. App. 373, 77 So. 985. Non constat, said intestate at the time of making said claim, may have been practically blind and unable to perform any work whatever, and not able to get about without the aid and assistance of others, yet his condition may have improved to such extent that he was able with the assistance of others to perform some character of work.

The alleged misrepresentation of fact upon which defendant's pleas of set-off are predicated occurred in a proof of loss under a contract of insurance within the influence of section 8507 of the Code of 1923, which provides, in effect, that no misrepresentation or warranty "in the negotiation of such a contract of insurance, or in the application therefor, or *proof of loss thereunder, shall defeat* or *avoid* the contract of insurance, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive," etc.

[6, 7] It seems to us that it would be an anomaly to hold that a misrepresentation of fact by the assured in his proof of loss, innocently made, is not sufficient to avoid a recovery on the policy, but the money paid on such proof of loss may be recovered back by the insurer as money paid under mistake of fact. Such holding would emasculate the statute. Manifestly it was incumbent on the defendant, in its pleas seeking to recover the money paid under the proof of loss as a set-off against the demand of the plaintiff, to show the same character of fraud as was necessary to defeat a recovery on the policy under which the money was paid.

[8] While, under the authorities, defendant, jointly sued on a joint liability, may set off an individual claim due one of them from the plaintiff (Depoyster Lumber Co. v. Commercial Lumber Co. et al., 213 Ala. 327, 104 So. 798; Locke, Adm'r, v. Locke, 57 Ala. 473), still good pleading requires that the plea show to whom the debt is due (Central of Ga. Ry. Co. v. Carlock, 196 Ala. 659, 72 So. 261; Corona Coal Co. v. Huckelbey, 204 Ala. 508, 86 So. 25).

[9] Plea 7 is a plea in confession and avoidance, and, on the face of the pleadings, the sum claimed under the contract is the sum recoverable. Hence the burden was on the defendant to show by the averments of its plea that, under the provisions of the contract, the sum claimed was subject to abatement or reduction by the payments alleged

to have been paid to plaintiff's intestate as weekly indemnity, and this plea was faulty in this respect.

For the reasons stated, we are of opinion that the court erred, in overruling the demurrers to the defendant's pleas 4, 5, 6, and 7.

The contract of insurance provides, inter alia:

"It is further agreed between the holder of this policy and the accident insurance department that the application, laws, and this policy constitute the contract between the insured and this department."

And on the reverse side of the policy certain excerpts from the by-laws of the association appear, containing, among other provisions:

"Article 2.  *Object.*—Its object is to furnish indemnity to its members for loss of time on account of total disability caused by accidental death, or dismemberment."

And in class 11, applicable to plaintiff's intestate, the liability for dismemberment is stated, and that term defined as:

"Loss of leg, foot, arm, hand, or eye, due to accident, $2,500.  (The loss of any member or members specified above shall mean the loss *by* actual and complete severance at or above the wrist or ankle; *loss of eye or eyes shall mean the irrevocable loss of the entire sight thereof.*"

[10] We are in accord with the general rule that, when a contract of insurance is susceptible to two constructions, the one most favorable to the insured will be adopted, but when, as here, there can be but one meaning, the court has no choice, and, as we understand the quoted provision, it means just what it says, the loss of the entire sight of the eye.

[11-14] The action of the court in giving charges A, D, 5, 3, and C, at the request of the defendant, was free from reversible error.

There was some evidence that an injury, such as plaintiff's evidence tended to show the plaintiff's intestate received, would produce an opacity of the crystalline lens or its capsule, which prevents the passage of the rays of light, such as results from cataract, but we fail to find any testimony in this record showing that he was suffering from "the disease of arterioclosis"; in fact, there is no such disease. Arteriosclerosis is the medical term for the abnormal thickening and hardening of the walls of the arteries, while arteriasis is a decomposition of the artery walls.  Charge 10 could have been refused without error for the use of the term "arterioclosis."

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.